UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

HECTOR MIGUEL HERRERA-MORENO,

                Petitioner,

v.

KEVIN RAYCRAFT et al.,

                Respondents.

_____/

Case No. 1:26-cv-341

Honorable Jane M. Beckering

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action on December 16, 2025, by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court will further deny Petitioner's motion for a temporary restraining order (ECF No. 2) and dismiss Petitioner's motion to expedite consideration (ECF No. 3).

## Discussion

### I.    Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or, in the alternative, provide Petitioner with a bond hearing where the government bears the

burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.7.)

In an Order entered on February 5, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 8.) Respondents filed their response on February 10, 2026 (ECF No. 9), and Petitioner filed his reply on February 10, 2026 (ECF No. 10).

## II.    Factual Background

> Petitioner is a citizen of Mexico who was admitted to the United States during the summer of 2004 as a nonimmigrant visitor. When Petitioner lawfully entered the United States using a border crossing card, he was 11 years old; he has remained in the United States since entering in 2004.

See Op., *Herrera-Moreno v. Unknown Party et al.*, 1:25-cv-01411 (W.D. Mich.) (ECF No. 20) (internal citations omitted).

On October 27, 2025, Department of Homeland Security (DHS) agents arrested and detained Petitioner. *See* Am. Pet., *id.* (ECF No. 4). On November 11, 2025, Petitioner then filed his first habeas corpus action, seeking a custody redetermination hearing under 8 U.S.C. § 1226(a). *See* Pet., *id.* (ECF No. 1).

During the pendency of Petitioner's first § 2241 petition, the Detroit Immigration Court heard Petitioner's renewed custody redetermination request. *See* Op. *id.* (ECF No. 20). At the conclusion of Petitioner's custody redetermination hearing held on December 3, 2025, the immigration judge denied Petitioner bond because Petitioner "did not establish he does not present a danger or flight risk." (Immigration Judge Order, ECF No. 1-3, PageID.13.)

In an opinion and judgment entered on January 13, 2026, this Court dismissed Petitioner's first § 2241 action for lack of jurisdiction as Petitioner received the relief he requested in his habeas

petition. *See* Op., *Herrera-Moreno*, 1:25-cv-01411 (ECF No. 20); J., *id.* (ECF No. 21). The Court explained:

> The constitutional wrong of which Petitioner initially complained has been remedied. The hearing required by the statute has been provided. Although Petitioner contends that his wrongful detention continues, the wrong is a new one. If Petitioner contends the new wrong warrants relief under § 2241, Petitioner may commence a *new* § 2241 action in this Court by filing a new petition with the applicable filing fee or an application to proceed *in forma pauperis*.

*See* Op., *id.* (ECF No. 20). Petitioner then filed the instant case on January 30, 2026. (Pet., ECF No. 1.)

In his instant § 2241 petition, Petitioner claims that his "continued confinement [following the December 3, 2025, order of the immigration judge] rests on a constitutionally deficient custody determination." (Pet., ECF No. 1, PageID.5.)

## III.    Discussion

Respondents argue that the Court should deny Petitioner's § 2241 petition on ground of jurisdiction, exhaustion, and on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch et al.*, No. 1:25-cv-1704 (W.D. Mich. Jan. 21, 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## IV.    Pending Motions, Other Claims, and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition and the Court will deny Petitioner's motion for a temporary restraining order (ECF No. 2) and dismiss Petitioner's motion to expedite consideration (ECF No. 3) as moot.

**<u>Conclusion</u>**

For the reasons discussed above, the Court will enter a Judgment conditionally granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial. The Court will further deny Petitioner's motion for a temporary restraining order (ECF No. 2) and dismiss Petitioner's motion to expedite consideration (ECF No. 3).

Dated:    February 19, 2026                      /s/ Jane M. Beckering
                                                 Jane M. Beckering
                                                 United States District Judge